IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

JAMAAL ODAJ WINGFIELD,
   Plaintiff,

v.                                                             Civil No. 3:25cv218 (DJN)

SERGEANT CARRY, *et al.*,
   Defendants.

## MEMORANDUM OPINION

Jamaal Odaj Wingfield, a Virginia inmate proceeding *pro se*, filed this 42 U.S.C. § 1983 action.[1] The matter is before the Court for evaluation of Wingfield's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. For the reasons stated below, the Complaint (ECF No. 1) and the action will be DISMISSED.

### I.     PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA"), this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

---

[1]     The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (citation omitted). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.*, stating a claim that is "plausible on its face," rather than merely "conceivable." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th

Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II.     SUMMARY OF ALLEGATIONS AND CLAIMS

In his Complaint, Wingfield names Sergeant Carry and Deputy Bradley ("Defendants"), who were officers at Henrico Regional Jail East. (ECF No. 1 at 1–3.) Wingfield alleges the following:[2]

> On the morning of March 6, I Jamaal O. Wingfield was taken to medical by Officer Bradley upon returning to E-pod. I was greeted by the nurse who gave me my medication. There was no one out on the pod rec. I went to my cell at about 8:27 A.M. at which point either Officer Bradley or Sgt. Carry let another inmate out on the pod rec while my door was still left open after just being stabbed only a day or two prior. I kept hitting the button [in my] cell which doesn't work from 8:27 A.M. until 8:41 A.M. When I finally walked to the front of the pod to inform Officer Richardson that was seated inside the security bubble with Sgt. Carry who finally came to lock my cell at 8:44 A.M. That's 17 mins I was left vulnerable with my door open for the person in E-pod cell 2 to attack me or worse. And both he and the person who stabbed me are from the same location. The staff are failing to follow proper security measures which have already cost me to be stabbed once.
> 
> At this point, I fear the jail's staff are purposely leaving me open to be attacked. I'm losing sleep and becoming fearful for my safety at this jail. I'd like to sue for pain and suffering, emotional duress, mental anguish, as well as failure to properly follow safety procedures. I'll be filing this under the 14 Amendment under due process.

(*Id.* at 4–5 (paragraph structure added).) Wingfield asks for "1 million dollars." (*Id.* at 6.)

---

[2]     The Court employs the pagination assigned to the Complaint by the CM/ECF docketing system. The Court corrects the capitalization, spelling and punctuation in the quotations from the Complaint.

### III.  ANALYSIS

It is both unnecessary and inappropriate to engage in an extended discussion of Wingfield's theories for relief. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Wingfield's Complaint will be dismissed for failing to state a claim for relief and as frivolous.

#### A.  Violation of a Jail Policy Fails to State a Claim

To the extent that Wingfield faults Defendants for failing to follow jail safety procedures or protocol, he does not state a claim for relief under § 1983. An alleged violation of an institutional policy fails to state an actionable constitutional claim under § 1983. *Riccio v. Cnty. of Fairfax*, 907 F.2d 1459, 1469 (4th Cir. 1990). Accordingly, any claim that Defendants violated jail policy or procedure will be DISMISSED for failure to state a claim and as frivolous.

#### B.  Fourteenth Amendment Claim

First, because Wingfield appears to be a pretrial detainee and not a convicted prisoner at the time he was subject to these conditions, the Fourteenth Amendment, not the Eighth Amendment, governs his claims of unconstitutional conditions of confinement. *Mays v. Sprinkle*, 992 F.3d 295, 300 (4th Cir. 2021) (quoting *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988)). "Due process requires that a pretrial detainee not be punished." *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979); *see Martin*, 849 F.2d at 870. However, "not every inconvenience encountered during pretrial detention amounts to 'punishment' in the constitutional sense." *Martin*, 849 F.2d at 870 (citation omitted). After *Short v. Hartman*, 87 F.4th 593, 611 (4th Cir. 2023), a detainee must only "show that the defendant's action or inaction was . . . 'objectively unreasonable.'" *Id.* (citation omitted). Wingfield must demonstrate that Defendants "acted or

failed to act 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)).

The Court need not engage in an extensive analysis of this claim. Wingfield alleges that Defendants failed to lock his cell upon returning from the medical department and it remained unlocked for seventeen minutes. Notably, no harm came of Wingfield during this time. *Cf. Westmoreland v. Brown*, 883 F. Supp. 67, 76 (E.D. Va. 1995) (requiring pretrial detainee to show the challenged condition caused a physical or emotional injury to allege unlawful conditions of confinement). Wingfield fails to allege facts suggesting that either Defendants Carry or Wilson subjected him to any risk of harm, much less an "unjustifiably high risk of harm" that Defendants knew or should have known about. *Short*, 87 F.4th at 611 (citation omitted); *cf. Grieveson v. Anderson*, 538 F.3d 763, 776–77 (7th Cir. 2008) (noting that a baseline risk of assault inherent in prison life does not support a constitutional claim). In sum, Wingfield fails to allege facts that would plausibly suggest a violation of his Fourteenth Amendment rights. Accordingly, Wingfield's claim will be DISMISSED for failure to state a claim and as frivolous.

## IV.   CONCLUSION

Wingfield's claims will be DISMISSED for failure to state a claim and as frivolous. The Clerk will be DIRECTED to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Final Order will accompany this Memorandum Opinion.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Plaintiff.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Date: September 16, 2025